CLERK'S COPY
FILED
AT ALBUQUERQUE NM
JUN 3 0 1999
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DARREN JAMES,

Plaintiff,

v.                                          No. CIV-99-0587 SC/KBM

TOM SWEARINGEN, LUCY DELUNA,
KEITH CROSS, JAMES CARTWRIGHT,
individually and in their official capacity,

Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants subjected Plaintiff to excessive force and denied him

medical treatment. Defendants are sued in their individual and official capacities. Plaintiff seeks damages and injunctive relief.

Plaintiff's claims against Defendants in their official capacities will be dismissed. The complaint indicates that Defendants are employees of Curry County, New Mexico, and official-capacity claims against them are the equivalent of claims against the county itself. *Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988). Plaintiff has failed, however, affirmatively to link the county to the acts allegedly committed by its employees. A local governmental agency or municipality cannot be held liable for the acts of its employees solely under a theory of *respondeat superior*. *Sauers v. Salt Lake County*, 1 F.3d 1122, 1129 (10th Cir. 1993); *Jantz v. Muci*, 976 F.2d 623, 630 (10th Cir. 1992); *Butcher v. City of McAlester*, 956 F.2d 973, 977-78 (10th Cir. 1992). Accordingly, Plaintiff's claims against these Defendants in their official capacities will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff's claims for injunctive relief will also be dismissed. The relief sought is a transfer to another facility, and, according to Plaintiff's notice of change of address (Doc. #5) filed June 11, 1999, he has already been transferred. The claim for injunctive relief is thus moot.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants in their official capacities, and for injunctive relief, are DISMISSED with prejudice; and the Clerk is directed to issue summonses, with forms of notice and waiver, for Defendants in their individual capacities.

UNITED STATES DISTRICT JUDGE